PER CURIAM:
Claimants, Clarise and Joseph Rollins, seek and award of $205.00 from the Division of Highways for personal injury sustained on August 12, 1989, when Joseph Rollins fell from a bridge while leaning on a guardrail in Robson, Fayette County. The claimants allege that the respondent was negligent in the maintenance of the guardrail.
From the evidence adduced at the hearing on January 21, 1993, it appears that the claimant, Joseph Rollins, was waiting for a friend on a bridge when he leaned on the guardrail which was in a defective condition and fell backward into a creek sustaining personal injury. His mother, Clarise Rollins, incurred unreimbursed medical expenses of $205.00.
The claimant, Joseph Rollins, testified that on August 12, 1989, between 5:00 and 6:00 p.m., he was waiting on the bridge for a friend when he learned on the guardrail, it gave way, and he fell backwards into a creek. As he fell over the side of the bridge, he attempted to catch himself on the cement pier of the bridge and, in this attempt, he broke his left arm and fractured the thumb on his right hand. After he climbed up the bank of the creek, he observed that the metal guardrail post through the bolt holes. Since this accident, claimant has experienced pain in his left arm when it rains or is cold outside. His left arm gives out on him now when he attempts certain activities.
*234 The claimant, Clarise Rollins, testified that she is the mother of Joseph Rollins; that her son was injured when he fell from the bridge; and that she incurred medical bills on behalf of her son in the amount of $205.00.
John Zimmerman, Assistant County Supervisor employed by the respondent, testified that on the date of the accident he was a general foreman for the respondent. Shortly after claimant’s accident, the county office received a telephone call informing respondent that someone had fallen from the bridge. The acting county supervisor at the time, Mr. Johnson, sent a crew to replace the bolt in the defective guardrail. He stated that he inspected respondent’s records to determine if there had been any complaints about the defective condition guardrail prior to claimant’s accident and there were none. [In rebuttal to certain unsubstantiated testimony from Mrs. Rollins concerning activities of employees of the Governor’s Summer Youth Program, Mr. Zimmerman stated that this program is not under the direction of the respondent and the director did not report to him or to the county superintendent.]
The Court finds, as a matter of fact, that the respondent had no actual or constructive notice of the defective guardrail prior to claimant’s accident; and that upon receiving such notice, employees of the respondent responded in an expeditious manner to correct the defect. As the claimants failed to establish negligence on the part of the respondent by a preponderance of the evidence, the Court is of the opinion to and does deny this claim.
Claim disallowed.